In re: **RX CARDIOVASCULAR SPECIALTIES, INC.,**
Debtor.

**Barry E. Mukamal, Chapter 7 Trustee of the Estate of RX Cardiovascular Specialties, Inc., Plaintiff,**

v.

**Erlinda B. Enriquez, M.D., P.A., a Florida corporation, Defendant.**

**Bankruptcy No. 04–11248–BKC–LMI. Adversary No. 06–1094–BKC–LMI.**

United States Bankruptcy Court, S.D. Florida.

Sept. 15, 2006.

Ariel Rodriguez, Esq., Miami, FL, for Barry E. Mukamal, Barry E. Mukamal, Plaintiffs.

Emmanuel Perez, Esq., Coral Gables, FL, for Erlinda B. Enriquez MD PA, Defendant.

*MEMORANDUM OPINION AND OR-
DER GRANTING PLAINTIFF'S
MOTION FOR PARTIAL SUM-
MARY JUDGMENT*

LAUREL M. ISICOFF, Bankruptcy
Judge.

This matter came before the Court on
the Plaintiff's Motion for Partial Summary
Judgment on Count II of the Amended
Adversary Complaint and Incorporated
Memorandum of Law (CP # 31) filed by
the Plaintiff, Barry Mukamal. The Court
has jurisdiction over the matter pursuant
to 28 U.S.C. §§ 1334(b) and 157(a) and (b).
This is a core proceeding which the Court
may hear and determine pursuant to 28
U.S.C. § 157(b)(2)(A).

### BACKGROUND

The material facts in this case are undis-
puted. On February 16, 2004, Rx Cardio-
vascular Specialties, Inc. (the "Debtor")
issued a check in the amount of eleven
thousand nine hundred and ninety five dol-
lars and fifty cents ($11,995.50) (the "Pay-
ment") to Erlinda Enriquez, M.D., P.A.
(the "Defendant"). The Payment was
made in order to satisfy charges for pre-
petition radiology and diagnostic test re-
view and analysis services. On February
17, 2004 (the "Petition Date"), the Debtor
petitioned for relief under Chapter 11 of
the United States Bankruptcy Code. The
Payment was honored by the Debtor's
bank on February 18, 2004.

Barry Mukamal (the "Plaintiff"), was la-
ter appointed as the Chapter 11 Trustee,
and when the case was converted to a case
under Chapter 7 of the United States
Bankruptcy Code, the Plaintiff was ap-
pointed as the Chapter 7 Trustee. On
January 24, 2006, the Trustee filed this
Adversary Complaint (CP # 1) seeking to
recover the Payment and other transfers
as preferences pursuant to 11 U.S.C.
§§ 547 and 550. The Defendant's Answer

and Affirmative Defenses to Adversary
Complaint (the "Answer")(CP # 8), filed
on February 17, 2006, asserted that the
Payment is immune from recovery as a
contemporaneous exchange for new value
under 11 U.S.C. § 547(c)(1) and as an ordi-
nary course payment under 11 U.S.C.
§ 547(c)(2).

On March 29, 2006, the Plaintiff filed an
Amended Adversary Complaint (CP # 19)
(the "Amended Complaint"). Count II of
the Amended Complaint seeks avoidance
and recovery of the Payment as an unau-
thorized post-petition transfer pursuant to
11 U.S.C. § 549. The Plaintiff's Motion
for Partial Summary Judgment on Count
II of the Amended Adversary Complaint
and Incorporated Memorandum of Law
(CP # 31) was filed on June 20, 2006. No
answer to the Amended Complaint or re-
sponse to the Plaintiff's Motion for Partial
Summary Judgment was filed.

### DISCUSSION AND ANALYSIS

**A. Defendant Received A Post–Petition
Transfer**

11 U.S.C. § 549 provides, subject to
two exceptions not applicable here, that a
trustee "may avoid a transfer of property
of the estate—(1) that occurs after the
commencement of the case; and (2)(A)
that is authorized only under section 303(f)
or 542(c) of this title; or (B) that is not
authorized under this title or by the
court." Based on the material undisputed
facts, then, the issues for this Court are
first, whether the Payment was a post-
petition transfer, and second, if so, wheth-
er such post-petition transfer was author-
ized pursuant to the Bankruptcy Code.

█  The first issue turns on whether
the transfer to the Defendant is deemed to
have occurred when the Debtor delivered
the check to the Defendant, which oc-

curred pre-petition, or when the bank honored the check, which occurred post-petition. The United States Supreme Court has settled this issue in the case *Barnhill v. Johnson,* 503 U.S. 393, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992). In the *Barnhill* case, the Supreme Court held that when determining when a payment by check constitutes a transfer, a transfer within the meaning of 11 U.S.C. § 101(54) occurs when the check is honored by the bank, not when the check is delivered by the debtor to the payee.

█ Although *Barnhill* examined an alleged preferential transfer, *Barnhill's* interpretation of section 101(54) was not based on 11 U.S.C. § 547. Since the definition of transfer in section 101(54) applies equally to 11 U.S.C. § 549, *see Wittman v. State Farm Life Ins. Co. (In re Mills),* 176 B.R. 924 (D.Kan.1994), this Court is bound by the Supreme Court's ruling. Therefore, by virtue of the fact that the check was honored after the Petition Date, the Defendant did receive a post-petition transfer.

The second issue then, is whether the post-petition transfer was authorized by the Bankruptcy Code, since it is undisputed that the payment was not authorized by the Court. The Defendant's only defenses (albeit raised to the original complaint which did not include a count under section 549[1]) were that the check was given contemporaneously with new value, and that the Payment was made in the ordinary course of business.

## B. Defenses To Post–Petition Transfers

█ Citing several cases, the Plaintiff argues that the defenses of 11 U.S.C. § 547(c) are not available as defenses to an action under 11 U.S.C. § 549 and thus, Plaintiff is entitled to summary judgment on Count II of the Amended Complaint. *Lawrence v. Bonadio, Insero & Co., et al. (In re Interco Systems, Inc.),* 202 B.R. 188 (Bankr.W.D.N.Y.1996)(finding section 549 does not contain an exception for ordinary course of business payments); *Dubuque Packing Co. v. Stonitsch (In re Isis Food),* 37 B.R. 334 (W.D.Mo.1984)(finding section 547(c)(2) ordinary course of business exception inapplicable to section 549 avoidance action because there is no debtor's business once a petition has been filed creating an estate under section 541 and a new entity, the debtor-in-possession, to manage that estate); *Celendenen v. Van Dyk Oil Co., Inc. (In re By–Rite Distributing, Inc.),* 89 B.R. 906 (D.Utah 1988)(finding the contemporaneous exchange defense to preference action inapplicable in defense of a section 549 post-petition transfer). Indeed, there does not appear to be any case in which a court found that defenses available under 11 U.S.C. § 547 are available to an action to avoid a transfer pursuant to 11 U.S.C. § 549. "Congress, by enacting the ordinary course of business exception to an avoidable preference in Section 547(c)(2), has demonstrated that it is aware of and capable of enacting such an exception when it feels that it is appropriate. However, Congress has elected not to enact such an exception with respect to post-petition transfers ...." *In re Interco Systems, Inc.,* 202 B.R. at 192.

█ Courts do recognize an ordinary course defense to payments made by a debtor-in-possession post-petition. Those

---

**1.** Through inadvertence or otherwise, Defendant did not file an answer or affirmative defenses to the Amended Complaint. Plaintiff argues that, while the Plaintiff does not seek a default against the Defendant, the Defendant should not now be allowed to raise new or different affirmative defenses than those raised in the Answer (i.e. contemporaneous exchange for new value and ordinary course payment).

are payments that would fall under the purview of 11 U.S.C. § 363 and 11 U.S.C. §§ 1107—1108, and are made in the ordinary course of the debtor-in-possession's business post-petition. *U.S. v, Hansen,* 262 F.3d 1217, 1238 (11th Cir.2001); *Moore v. Brewer (In re HMH Motor Services, Inc.),* 259 B.R. 440, 449 (Bankr. S.D.Ga.2000).

Thus, we are presented with what appears, at first blush, to be an anomaly under the Bankruptcy Code. Had the Debtor's check been honored on the day prior to the filing, then the Defendant would have available the opportunity to prove the defenses available under 11 U.S.C. § 547(c)[2]. Had the Defendant provided services to the Debtor on the day following bankruptcy and received payment for those services, the Defendant would have had the opportunity to prove that the service and Payment were in the ordinary course of the debtor-in-possession's business. However, by the pure happenstance of timing, the Defendant was issued a check pre-petition for services rendered pre-petition, but actual payment occurred post-petition, leaving the Defendant with no opportunity to present defenses in the absence of a court order, and there was no such order.

While this result appears inequitable, it is consistent with the overriding purpose of the Bankruptcy Code—to divide the debtor's existence into pre-petition and post-petition. Post-petition, pre-petition obligations cannot be paid in the absence of a court order. The fortuity of the "straddle" and the consequences flowing from the timing are no more inequitable than that circumstance in which a creditor provides a service for which payment is not yet due, and prior to the payment date the debtor files bankruptcy.

---

**2.** The *Barnhill* court held that for purposes of analyzing the defenses under 11 U.S.C.

## CONCLUSION

In bankruptcy, timing is everything. The Court concludes that the payment in this case occurred post-petition for purposes of 11 U.S.C. § 549. Accordingly, the Plaintiff's Motion for Partial Summary Judgment On Count II of the Amended Adversary Complaint is granted. This opinion constitutes the Court's conclusions of law under Fed. R. Bankr.P. 7052. A separate Partial Summary Judgment shall be entered in accordance with Fed. R. Bankr.P. 9021.

§ 547(c), the operative date is the date of delivery, not the date of transfer.